CHIEF JUSTICE CARRICO,
dissenting.
I dissent. I think the majority has misinterpreted the effect of Rule 3:3. In pertinent part, the Rule provides as follows:
No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.
This language is prohibitory, not permissive, and I do not think it can be read the way the majority reads it, viz., as fixing “the last day ... for any paper to be served, delivered or filed, or for any other act to be done in the course of judicial proceedings.” Code § 1-13.3:1.
What Rule 3:3 does fix is the outer boundary of a trial court’s authority to enter judgment against a defendant, prohibiting such entry when the service of process is delayed for more than one year after the commencement of an action. There is only one *381 exception, and that is when “the court finds as a fact that the plaintiff exercised due diligence to have timely service.”
In my opinion, Code § 1-13.3:1 is not available to save a plaintiff from the prohibition of Rule 3:3 when he fails to exercise due diligence and delays serving process until more than one year after the commencement of an action. That is what happened here. Hence, I would affirm the judgment of the trial court.